IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAY CHARLES SPIVEY,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROGER E. WALKER, JR., JOHN** )<br>**MOORE, CHRISTINE SHORN, NURSE** )<br>**AMY, SYDNEY McDONALD, C/O** )<br>**ROBINSON, C/O SMITH, C/O MEZO,** )<br>**C/O CRUMBACHER, SGT. DUNN, LT.** )<br>**ASHBY, BILL DAY and LT. FORDSOME,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 05-163-JPG** |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against unnamed individuals for not providing him with proper procedural due process.

**COUNT 2:** Against unnamed individuals for not providing a toilet in the segregation yard.

**COUNT 3:** Against unnamed individuals for implementing an unfair long-distance telephone call policy.

**COUNT 4:** Against Defendants Dunn and Ashby for confining him to a segregation cell with inadequate ventilation.

**COUNT 5:** Against Defendants Smith, Fordsome, Crumbacher, Robinson, Shorne, Amy, McDonald and Moore for not providing him with medical treatment during his hunger strikes.

**COUNT 6:** Against Defendants Smith and Mezo for an unfair disciplinary ticket.

**COUNT 7:** Against Defendant Fordsome, Dunn and Smith for failing to provide him with proper separation from his declared enemies.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## COUNT 1

In December 2004, Plaintiff was in the protective custody yard at Menard when he felt the need to urinate. Because there was no toilet facility available in the yard, he chose to urinate in one corner, as was the habit of other inmates. A female officer observed his hands moving in front of him and thought he was masturbating, so she called Sgt. McDaniels to remove Plaintiff from the

yard.  Plaintiff subsequently received a disciplinary ticket for sexual misconduct; he was found guilty and punished with three months in segregation, three months reduction to C-grade, three months of commissary restriction, and one month yard restriction (Doc. 1-3 at pp. 2-3).  Plaintiff claims that Lt. Wilson and C/O Locke failed to call his requested witnesses, yet he does not name either of these individuals as a defendant in this action.  Even if he had named them, though, this claim would not proceed.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made

the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for three months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit, and Count 1 is dismissed from this action with prejudice.

### COUNT 2

Plaintiff's next claim is that Lt. Waller and Sgt. McDaniels will not provide a portable toilet in the protected custody yard. The Court is unaware of any constitutional provision that requires an inmate to have constant access to a toilet. Furthermore, neither Waller or McDaniels is listed as a defendant in this action. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Count 2 is dismissed from this action with prejudice.

### COUNT 3

Plaintiff's third claim asserts that the Illinois Department of Corrections has entered into unfair contracts with several telephone service providers. As a result, his family must pay $2.00 for long-distance calls to him. He also states, vaguely, that this policy somehow blocks inmates' access to their attorneys and to the court system.

As in his prior two claims, Plaintiff has not named the I.D.O.C. or any of the telephone service providers as a defendant in this action. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

### COUNT 4

On February 2, 2005, Plaintiff was in the segregation unit, confined by C/O Hoffman,

Defendant Dunn and Defendant Ashby to a cell with a steel door and inadequate ventilation. He complained to Hoffman about the conditions, which were too warm for him, but Hoffman refused to move him. Plaintiff then declared a hunger strike, which resulted in a move to another cell.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Neither of these requirements is met by the complaint before the Court. From the complaint, it appears that Plaintiff endured these too-warm conditions for less than a day, which cannot be said to have created an excessive risk to his health. Furthermore, he makes no allegations that any of the named defendants assigned him to or kept him confined to this cell with the requisite mental intent. Therefore, he has failed to state a claim upon which relief may be granted, and Count 4 is dismissed from this action with prejudice.

## COUNT 5

Plaintiff's first hunger strike lasted until February 4. He claims that Smith failed to document his hunger strike. He further states that Christine Shorne, Nurse Amy, Sydney McDonald and John Moore all refused to speak with him or provide him with medical attention during that time. He further states that their refusals to provide him with medical attention was at times due to the orders of Lt. Fordsome, C/O Robinson, and C/O Crumbacher. On February 7, Plaintiff was moved into another cell, where his cell mate allegedly threatened to kill him. Plaintiff then declared

another hunger strike, which he claims Smith failed to document.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement must exhaust his administrative remedies prior to filing suit. Failure to so exhaust is grounds for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000).

The Illinois Administrative Code sets forth the grievance procedures to be followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution.[1] If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, within fifteen days, "whenever possible," and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance.

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised

---

[1] If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden. 20 Ill. Adm.Code § 504.840.

of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submit a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six months after receipt of the appealed grievance, "where reasonably feasible." 20 Ill.Adm.Code §§ 504.810-850 (2001).

A failure to exhaust administrative remedies in a timely manner may lead to dismissal of the action without consideration of the merits, absent any waiver, estoppel and equitable tolling. *See Ester v. Principi,* 250 F.3d 1058, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000); *White v. Bentsen*, 31 F.3d 474, 474-76 (7th Cir. 1994). Further,

> unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

*Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. Furthermore, "[a] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1977e(a) from litigating. Failure to do what the state requires **bars**, and does not just postpone, suit under § 1983." *Id.* at 1023-1024 (emphasis added).

As stated above, Plaintiff's hunger strikes took place in February 2005; he filed this action

on March 7, 2005. On August 26, 2005, he filed several documents (Doc. 10) in support of his complaint. One of these documents, dated July 25, 2005, is the final decision of Roger Walker regarding Plaintiff's grievance over the lack of medical attention and failure to report his hunger strike. Therefore, from the pleadings in this action, it is clear that Plaintiff did not exhaust his remedies with regard to this claim *before* filing suit.

Because he did not exhaust his administrative remedies on this claim before filing this action, the Court has no choice to dismiss Count 5 without prejudice to Plaintiff bringing a new lawsuit with respect to this claim.

### COUNT 6

Upon declaration of his first hunger strike, Plaintiff was moved to another gallery, into a "stripped" cell, but the wall socket was not properly attached to the wall. Plaintiff alleges that Defendants Smith and Mezo tore the switch off and then charged Plaintiff with damaging the switch, as well as with damaging Plaintiff's eyeglasses. That disciplinary ticket resulted in a punishment of two months in segregation, two months reduction to C-grade, two months commissary restriction, one month yard restriction, and confiscation of his glasses (Doc. 1-3, pp. 1, 5).

As discussed above in Count 1, Plaintiff has no liberty interest in remaining in general population. Therefore, with respect to this disciplinary ticket, he has failed to state a claim upon which relief may be granted, and Count 6 is dismissed from this action with prejudice.

### COUNT 7

On February 20, 2005, Plaintiff filed a grievance (Doc. 13, p. 3-4) in which he requested that several inmates be added to his list of declared enemies. Plaintiff alleges that he also spoke with Lt. Brookman, Sgt. Dunn, C/O Hoffman, Counselor Summer and Lt. Fordsome about these issues. As

already noted, Plaintiff filed the instant action on March 7, 2005, less than three weeks after first filing his grievance on this matter. Exhibits subsequently filed indicate that the grievance officer did not respond to the grievance until July 19, 2005 (Doc. 13, p. 7), long after this action was filed. Therefore, as with Count 5, it is clear that Plaintiff did not exhaust his remedies with regard to this claim *before* filing suit.

Because he did not exhaust his administrative remedies on this claim before filing this action, the Court has no choice to dismiss Count 7 without prejudice to Plaintiff bringing a new lawsuit with respect to this claim.

#### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A, and this action is **DISMISSED WITH PREJUDICE**. As stated above, though, Count 5 and Count 7 are dismissed *without prejudice* to Plaintiff pursuing those claims in a new lawsuit, but only after he has completely exhausted his administrative remedies with respect to those claims.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 22, 2007.**

                                **s/ J. Phil Gilbert**
                                **U. S. District Judge**