IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY CHARLES SPIVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-cv-00163-JPG |
| | ) |
| ROGER E. WALKER, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Order to Stop Trust Fund Deductions (Doc. 19). In his motion, Plaintiff claims that his fees in this matter have been paid, but that the Trust Fund Office continues to deduct fees from the plaintiff's trust fund account.

As a preliminary matter, Plaintiff is advised that neither the Court, nor the Clerk's Office, removes funds from his prison trust fund account. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 and assessed an initial partial filing fee of $17.19 (Doc. 7). The remainder of the $250.00 filing fee was to be collected pursuant to Section 1915(b)(2), which directs prison officials to collect 20% of the preceding month's income until the filing fee is paid in full.

The Clerk's Office mailed a copy of this order to the Trust Fund Officer at Menard Correctional Center ("Menard") the same day it was entered. The Trust Fund Office at Menard is responsible for calculating and making the monthly payments from Plaintiff's trust fund account, in accordance with the Order granting IFP.

Section 1915(b)(2) specifically caps the amount that can be swept from an inmate's account each month: "20 percent of the preceding month's income credited to the prisoner's account." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998), makes clear that since Section 1915(b)(2)

refers to income—sums entering—a prison trust account, without regard to the source; gifts and bequests from family are not sheltered. The Court is unaware of the total monthly income that the Trust Fund Officer used to calculate the payments. Therefore, the proper means to request an audit and/or refund is for the Plaintiff to file a grievance with regard to the fees deducted from his prison trust account through the proper prisoners' grievance procedures at the facility in which he is confined.

For these reasons stated, Plaintiff's Motion Requesting Final Payment (Doc. 19) is **DENIED**. However, the Clerk of Court is **DIRECTED** to send a copy of this order and a copy of this Court's Order (Doc. 7) granting IFP to the Warden of Menard Correctional Center. Payments toward filing fees must be collected in the manner prescribed by 28 U.S.C. § 1915(b) and as ordered by the Court.

**IT IS SO ORDERED.**

**DATED:** 3/1/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**